UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**NIKOLE M. PRICE,**             :

    **Plaintiff**         :   CIVIL ACTION NO. 3:15-0884

    **v.**                    :

                                                 **(JUDGE MANNION)**

**PENN KASHAR, INC.,**        :

    **Defendant**      :

## **MEMORANDUM**

Pending before the court is the defendant's motion to dismiss the plaintiff's complaint. (Doc. 5). Based upon the court's review of the motion and related materials, the defendant's motion to dismiss will be denied.

By way of relevant background, on May 6, 2015, the plaintiff filed the instant action alleging racial discrimination and retaliation. (Doc. 1). The defendant filed the instant motion to dismiss on June 17, 2015, (Doc. 5), along with a brief in support thereof, (Doc. 6). The plaintiff filed a brief in opposition to the defendant's motion to dismiss on June 29, 2015. (Doc. 9).

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has

been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider

2

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

In her complaint, the plaintiff alleges that she is a Black person, who commenced employment as a telephone operator with the defendant on or

3

about August 12, 2013. The plaintiff alleges that she was the only Black person employed by the defendant. From the start of her employment, the plaintiff alleges that her supervisor, June Kuzmitsky, who is White, continually made derogatory statements about Black people. To this extent, the plaintiff alleges that, in or around October 2014, Ms. Kuzmitsky was eating M&Ms and was separating them by color. While doing so, she looked at the plaintiff and said "I don't even like my M&Ms mixed." Moreover, in or around mid-December 2014, Ms. Kuzmitsky was eating Brazil nuts and chuckled when offering some to the plaintiff, asking if the plaintiff wanted some "nigger toes." On February 20, 2015, Ms. Kuzmitsky was talking about "Obamacare" and President Obama when she said "someone should kill that nigger." When plaintiff became visibly upset at Ms. Kuzmitsky's comment, Ms. Kuzmitsky looked at the plaintiff and said "You don't even look black . . . [y]ou are educated and don't speak niggerese."

At or around the end of February/beginning of March 2015, the plaintiff complained to the NAACP about the racial slurs made by Ms. Kuzmitsky. On March 19, 2015, a representative of the NAACP contacted one of the defendant's owners, Dr. Hameed Butt, M.D., to discuss the plaintiff's complaint of racial harassment. Subsequently, on April 9, 2015, the plaintiff

sent a letter to Dr. Butt by regular and certified mail placing him on notice of her complaint of racial discrimination.

On April 15, 2015, when the plaintiff arrived at work, Ms. Kuzmitsky handed her a termination letter stating that she was being terminated for violating HIPAA. The plaintiff alleges that the defendant's proffered reason for her termination was false and was mere pretext to mask the true reason for her termination, that is, because she is Black and because she opposed racial harassment and discrimination in the workplace. The plaintiff alleges that the defendant is vicariously liable for the acts of Ms. Kuzmitsky because she was the plaintiff's supervisor and was given the authority to hire, fire and discipline.

Based upon the above facts, the plaintiff brought the instant action pursuant to [42 U.S.C. §1981](#) alleging racial discrimination and retaliation. In its motion to dismiss the plaintiff's complaint, the defendant alleges that the plaintiff has failed to state a claim upon which relief can be granted.

In order to set forth a plausible claim for race discrimination under §1981, the plaintiff must allege sufficient facts to show: (1) that she is a member of a racial minority, (2) intent to discriminate on the basis of race by the defendant, and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce

5

contracts. Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001). To establish a plausible claim for retaliation, the plaintiff must allege sufficient facts that: (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. Estate of Olivia ex rel. McHugh v. New Jersey, 604 F.3d 788, 798 (3d Cir. 2010) (citing Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006)).

Here, the defendant argues that the plaintiff's April 15, 2015, termination letter, which she references in her complaint, states that "[y]ou are being terminated for a violation of HIPAA by giving out information from screens which you were told is strictly confidential for inter-office use only." (Doc. 5, Attachment)[1]. At the bottom of the letter, the defendant points to the plaintiff's signed certification which reads "I, Nikole Price, certify that I have read the

---

[1]As set forth above, in relation to a motion to dismiss, the court can consider materials relied upon in the complaint, but not physically attached thereto, as long as no party challenges its authenticity. The plaintiff here does not challenge the authenticity of the letter provided. Thus, the court will consider the letter itself in conjunction with the defendant's motion to dismiss. The court will not, however, consider statements by counsel as to what the letter represents, where no support for those statements are included in the letter.

information and agree that it is correct." (Id.). The defendant argues that the plaintiff's complaint should be dismissed because her signed certification establishes that the defendant had a legitimate non-discriminatory reason for the plaintiff's termination, i.e., she violated HIPAA by giving out confidential information. However, even if this were so, and the defendant presented a legitimate non-discriminatory reason for the plaintiff's termination, under the applicable burden shifting framework, the plaintiff has the opportunity to establish that the defendant's proffered reason is pretextual. See Johnson v. Fed. Exp. Corp., 2014 WL 805995, at *6 (M.D. Pa. Feb. 28, 2014) ("When a plaintiff relies upon indirect or circumstantial evidence to support a discrimination claim under . . . Section 1981 . . ., the court applies the three-step burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)") (citing Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999); Rzucidlo v. McHugh,      F.Supp.2d    , 2013 WL 5408651, at *5 (M.D.Pa. Sept.25, 2013)). Thus, to the extent that the defendant relies upon the plaintiff's signed certification to end the inquiry, the defendant's motion to dismiss will be denied.

Citing to a number of unemployment compensation decisions which

7

address admissions made by claimants under oath at unemployment hearings, the defendant also argues that the plaintiff's signed certification is an "admission of wrongdoing" by the plaintiff which constitutes substantive proof of the truth of the matter. The defendant argues that the plaintiff's "admission of wrongdoing" precludes her claims of discrimination and retaliation. The court does not agree. The plaintiff acknowledges the proffered reason for her termination in her complaint and alleges that the proffered reason was pretextual. The circumstances under which the plaintiff signed the certification at issue are unknown at this time. There may be any number of reasons why she signed the certification. Taking the allegations of the plaintiff's complaint as true and drawing all inferences in her favor, as the court must do at the motion to dismiss stage, the court does not find that the plaintiff's signature on the termination letter precludes her from pursuing the instant claims. The defendant's motion to dismiss will be denied on this basis as well.

Finally, separately considering each of the individual incidents involving racial epithets alleged in the complaint, the defendant argues that the incidents do not rise to a level which is actionable under §1981, as they were sporadic and isolated incidents.

>As the Third Circuit has colorfully described it, "[a] play cannot be understood on the basis of some of its scenes but only on its entire performance, and, similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario." Andrews v. City of Philadelphia, 895 F.2d 1469, 1484 (3d Cir. 1990). Disaggregating claims undercuts the totality of circumstances inquiry, because it "robs the incidents of their cumulative effect, and '[o]f course, when the complaints are broken into their component parts, each claim is more easily dismissed.'" Jackson[v. Quanex Corp.], 191 F.3d 647, 660 (6th Cir.1999).

Velez v. QVC, Inc., 227 F. Supp. 2d 384, 410 (E.D. Pa. 2002). In considering the totality of the circumstances alleged in the plaintiff's complaint, and not each individual incident, the court finds that the plaintiff has set forth sufficient allegations at this stage of the proceedings to advance her claims. As such, the defendant's motion to dismiss the plaintiff's complaint will be denied on this basis as well.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 2, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0884-01.wpd